**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Dorsey,<br><br>    Plaintiff,<br><br>vs.<br><br>Wright Medical Technology, Inc., a Delaware corporation; Wright Medical Group, Inc., a Delaware corporation,<br><br>    Defendants. | No. CV-09-8040-PCT-MHM<br><br>**ORDER** |

The Court is in receipt of Defendants' Motion to Alter or Amend Judgment (Doc. 29), filed shortly after the Court granted Plaintiff's motion to dismiss the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a) (Doc. 26). In essence, Defendants argue that the Court should have dismissed the case *with* prejudice, and that the Court should not have entered Judgment before allowing Defendants the chance to respond to Plaintiff's motion to dismiss. (Doc. 29) However, Defendants' motion does not set forth any analysis that would have altered the Court's decision to dismiss the case without prejudice.

As Defendants note, a motion for voluntary dismissal under Rule 41(a)(2) is subject to the Court's sound discretion. (Doc. 29 at 3, citing Stevedoring Services of America v. Armilla International B.V., 889 F.2d 919 (9th Cir. 1989) (explaining that "[a] motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion."). Defendants claim that Plaintiffs filed the motion to dismiss without prejudice in order to prevent

Defendants from filing a Motion for Sanctions and/or Motion for Summary Judgment based on Plaintiff's failure to identify expert opinion testimony to support the claims Plaintiff had identified in the Complaint. (Doc. 29 at 3). Defendants further state that they "believe that Plaintiff's request to dismiss his action, without prejudice, is nothing more than an attempt to put his past actions behind him in order to allow for the refiling of his action without sanctions." (Doc. 29 at 2). However, Plaintiff's Complaint appears to concede that most, if not all, of his claims would now be barred by the Statute of Limitations if he were to refile his claims. (Doc. 1). Moreover, if Plaintiff attempts to refile his claims, Defendants are in no way barred from referencing this cases's history to the new Judge should Plaintiff fail to comply with the expert disclosure deadline in the hypothetical new case. A dismissal with prejudice would prevent Plaintiff from ever obtaining a decision on the merits, undermining the jurisprudential goal of deciding cases on their merits rather than on legal technicalities whenever possible. See Bailey v. U.S., 642 F.2d 344, 347 (9th Cir. 1981) ("Judges naturally prefer that a person claiming to be injured shall have a chance to have his claim heard and decided on its merits."). Given that Defendants have not presented a sufficient basis to alter or amend the Court's prior Order, Defendants' Motion to Alter or Amend Judgment (Doc. 29) is hereby denied.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendants' Motion to Alter or Amend Judgment (Doc. 29).

DATED this 2nd day of August, 2010.

_____
Mary H. Murguia
United States District Judge